**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DANIEL J. GILLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:25-cv-118-RAH-CWB |
| ) | |
| **CAROLINE JACKSON,** ) | |
| ) | |
| **Defendant.** ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Daniel J. Gilley, who is proceeding *pro se*, filed this action on February 10, 2025 (Doc. 1) but failed to pay the necessary fees or seek leave to proceed *in forma pauperis*. After referral was made "for further proceedings and determination or recommendation as may be appropriate" (Doc. 2), the undersigned "**ORDERED** that Plaintiff no later than **March 7, 2025** must either pay the $405.00 in required fees **or** submit a request to proceed *in forma pauperis* using the long-form application" (Doc. 3) (emphasis in original). And Plaintiff was cautioned that "**a failure to comply with the requirements of this Order may result in a recommendation of dismissal.**" (*Id.*) (emphasis in original).

Despite the clear instructions and admonition, Plaintiff failed to comply. The undersigned finds that Plaintiff's failure constitutes a clear record of delay and/or willful contempt; and the undersigned further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to comply notwithstanding the warning about a potential dismissal. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the

1

orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned).

Moreover, Plaintiff's initial filing purports to set out an "18 USCS §242 Complaint." (*See* Doc. 1 at p. 3). The cited section, however, is a federal criminal statute[1] that "do[es] not provide a civil cause of action or any civil remedies." *See Thibeaux v. U.S. Atty. Gen.*, 275 F. App'x 889, 893 (11th Cir. 2008). It further is apparent from Plaintiff's later submissions that he desires to initiate a criminal prosecution—not a civil action. (*See* Docs. 5 through 8). But § 242 simply does not permit such a course. *See Robinson v. Dunn*, No. 1:19-cv-39-WKM, 2019 WL 13437993, *1 (M.D. Ala. Jan. 15, 2019) (explaining that § 242 "[does not] authorize an individual to initiate criminal proceedings") (citations omitted); *see also Coggins v. Fuller*, No. 2:07-cv-709-WKM, 2007 WL 2815034, at *1 (M.D. Ala. Sept. 26, 2007) ("To the extent

---

[1] "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death." 18 U.S.C. § 242.

Coggins seeks to pursue criminal charges …, his claims are due to be dismissed because a private citizen cannot institute criminal proceedings in federal court.") (citations omitted).

For all of these reasons, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **March 25, 2025**. An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 11th day of March 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**