IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANIEL J. GILLEY,                    )
                                     )
     Plaintiff,                      )
                                     )
     v.                              )   CASE NO. 1:25-cv-118-RAH-CWB
                                     )
CAROLINE JACKSON,                    )
                                     )
     Defendant.                      )

## **ORDER**

On March 11, 2025, the Magistrate Judge recommended that the pro se Plaintiff's Complaint (doc. 1) be dismissed without prejudice due to the Plaintiff's failure to comply with court orders and the fact that the Plaintiff seeks to initiate a criminal action, not a civil action. (Doc. 9 at 1–2.) On March 19, 2025, the Plaintiff timely filed an *Objection! To Recommendation of the Magistrate Judge* (doc. 10), in which the Plaintiff objects to the Magistrate Judge's "recharacterize[ation]" of his "criminal complaint to a civil action[.]" (Doc. 10 at 1.)

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to

warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783–85 (11th Cir. 2006).   Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

The Plaintiff argues that, under *Castro v. United States*, 540 U.S. 375, 382–83 (2003), the Court may not recharacterize his pro se Complaint.  (Doc. 10 at 1.) But *Castro* dealt with the limitations on recharacterization in the pro se § 2255 motion context. *See Castro*, 540 U.S. at 382–84.   And while courts sometimes recharacterize pro se litigants' filings "in order to place it within a different [and more appropriate] legal category" to "avoid . . .  unnecessary dismissal[s]" and "inappropriately stringent application[s] of formal labeling requirements," *id.* at 381, it is clear here that the Plaintiff solely desires to initiate a criminal prosecution under 18 U.S.C. § 242. (*See* doc. 1 at 5 (requesting "an arrest [be] made[] and prosecution to begin immediately"); doc. 10 at 1 (requesting "criminal complaint" forms and his deposition be taken pursuant to the Federal Rules of Criminal Procedure).)

As the Recommendation explains, that is not possible.  (*See* doc. 9 at 2.)  Title 18 U.S.C. § 242 "do[es] not convey a private right of action[,] nor do[es] [it] authorize [the Plaintiff] to initiate criminal proceedings." *Robinson v. Dunn*, No. 1:19-CV-39, 2019 WL 13437993, at *1 (M.D. Ala. Jan. 15, 2019) (internal quotations and citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . , a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  In short, 18 U.S.C. § 242 does not afford the Plaintiff a right to criminally prosecute anyone.

Finally, to the extent that the Plaintiff seeks a Freedom of Information Act form, the Court (or a legal proceeding) is not the correct vehicle for such a request for documents.  This Court handles cases or controversies.  A form is not one.

## CONCLUSION

Upon an independent review of the record, the Magistrate Judge's Report and Recommendation, and the Objection, it is **ORDERED** as follows:

1)    The Plaintiff's *Objection! To Recommendation of the Magistrate Judge* (doc. 10) is **OVERRULED**;

2)    The Magistrate Judge's Recommendation (doc. 9) is **ADOPTED**;

3)    To the extent that the Plaintiff's *Objection* (doc. 8) filed on March 5, 2025, is a motion to characterize this action as a criminal action, it is **DENIED**; and

4)    The Plaintiff's *Motion for the Court to Take Plaintiff's Deposition by Telephone or Other Reliable Electronic Means, Pursuant to Federal Rules of Criminal Procedure, Rule 4.1* (doc. 5) is **DENIED.**

**DONE** and **ORDERED** on this the 1st day of April 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE